Wagoner v. Busey.

H. H. WAGONER, Appellant, v. S. T. BUSEY et al.,
Respondents.

St. Louis Court of Appeals, May 10, 1898.

1. **Costs:** NOTICE TO PLAINTIFF. Where there is evidence tending to prove that the attorney of plaintiff waived the notice of the filing of the motion to secure costs in a case, and consented that the order requiring the bond to be given should be entered, the appellate court will assume that the court found the facts so to exist.

2. ——: ——. When the affidavit of an obligor on a bond for security for costs in a case does not satisfy the mind of the trial court of his ability to meet the obligation of the bond, the appellate court will not be justified in saying that the trial court acted arbitrarily or with judicial bias in declining to accept the bond on this proof.

*Appeal from the Crawford Circuit Court.*—HON. L. B.
WOODSIDE, Judge.

AFFIRMED.

DANIEL H. SOLOMON for appellant.

The notice of filing motion for security for costs under rule 4, page 2, is to be notice in writing (R. S. 1889, sec. 2033), served on plaintiff or his attorney, and in the absence of said notice and proof of its service the court had not the power to make the entry. Rules of practice not unreasonable in themselves and not subversive of the right of litigants may be prescribed by the trial court. They are recognized by the law as necessary to the orderly and proper administration of justice, and should be upheld, but when motions to enforce them, and their movers, do not comply with the requirements of such rules, they should be overruled, for that, if for no other reason. Nutter v. Houston, 42 Mo. App. 263 and 367–368.

Plaintiff's bond for costs was filed in time. "If not filed on or before the day in the rule named * * * the court may, on motion, dismiss the suit unless such undertaking shall be filed * * * before the motion is determined." R. S. 1889, sec. 2619.

No brief furnished for respondent.

Briggs, J.—On the nineteenth day of February, 1897, the circuit court sustained a motion for costs. The plaintiff was required to file a bond for costs sixty days before the first day of the next term of court thereafter, to wit, the August term. The plaintiff failed to comply with the order within the prescribed time. The cause was set for trial August 21, 1897. On the seventeenth of August, and during the August term, the plaintiff filed the undertaking of Chas. F. Vogel to pay the costs, to which was attached the affidavit of Vogel, that he owned unincumbered property, subject to sale under execution of the value of $600 or more. On the following day, to wit, the eighteenth, the defendants filed a motion to dismiss the cause for failure on the part of plaintiff to comply with the order of the court. On the nineteenth and during the absence of plaintiff's attorney, the court sustained the motion to dismiss. Afterward on the same day plaintiff filed a motion to set aside the order of dismissal and to reinstate the cause on the docket. The grounds of this motion were, *first*, that the order requiring a cost bond was improvidently entered, as no notice of the motion for costs was given, either to the plaintiff or his attorney, as required by the rules of court, and, *second*, that the plaintiff had fully complied with the rule before the motion to dismiss was disposed of. (R. S. 1889, sec. 2916.) The rule of court referred to requires notice of the filing of a

motion for cost to be given to the adverse party or his attorney. There was evidence tending to prove that no notice was given of the motion in this case. On the other hand, the attorney for the defendants testified that the attorney for plaintiff was advised of the filing of the motion and consented that the order for the cost bond might be entered. After the hearing of the testimony the court ruled that the bond signed by Vogel would not be accepted, but that it would sustain the motion to set aside the dismissal, if the plaintiff would deposit with the clerk of the court the sum of $200. This the plaintiff failed to do, and on the twenty-fourth day of the month the motion to set aside was overruled, and the plaintiff excepted. Thereupon the plaintiff appealed to this court. There was evidence tending to prove that the attorney of the plaintiff waived the notice of the filing of the motion and consented that the order requiring the bond to be given should be entered. We must assume that the court found these to be facts. This disposes of the first assignment of error. The affidavit of Vogel did not satisfy the mind of the court of his ability to meet the obligations of the bond. We would not be justified in saying that the court acted arbitrarily or with judicial bias in declining to accept the bond on this proof. Vogel was a resident of the city of St. Louis and was probably a stranger in the county where the suit was pending. However, the court in order that no injustice might be done, gave the plaintiff an opportunity to deposit a sum sufficient to cover the costs. This the plaintiff failed to do, and thereupon the court overruled the plaintiff's motion to set aside the order of dismissal, in which we think it was justified.

With the concurrence of the other judges the judgment of the circuit court will be affirmed.